IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


ANGELO PECELLO RIVERS,
      Plaintiff,

v.                                Case No. 5:08cv61/RS/EMT

ASPLUNDH TREE EXPERT COMPANY,
      Defendant.
_____/

**O R D E R**

        This cause is before the court on Defendant's first and second motions for sanctions (Docs. 27, 37), and Plaintiff's response to the motions (Doc. 41).[1]

        As grounds for Defendant's first motion for sanctions, Defendant asserts that in early September of 2008, Defendant's counsel attempted to contact Plaintiff to schedule his deposition, but despite these efforts, Plaintiff refused to return counsel's phone calls or respond to counsel's correspondence (Doc. 27 at 1–2). Therefore, counsel set Plaintiff's deposition for October 10, 2008 at a court reporter's office in Panama City, Florida (*id.* at 2). On September 9, 2008, Defendant served a notice of deposition on Plaintiff via the mail and Federal Express, and counsel provided a copy of the notice to the court reporter's office (*id.*). To ensure that Plaintiff received the notice, counsel attempted personal service of the notice and a subpoena upon Plaintiff at Plaintiff's address of record, 2794 Pennsylvania Avenue, Marianna, Florida, but Plaintiff's sister, who lived at that address, informed the process server that Plaintiff no longer lived there (*id.*). Plaintiff never notified counsel of a change of address (*id.*), and the court notes that Plaintiff has never filed a notice of change of address with the court and, in fact, included the Pennsylvania Avenue address in the

_____

[1]Although Plaintiff states in his response that he is responding to Defendant's second motion for sanctions filed on November 14, 2008 (*see* Doc. 41 at 1), the court construes his response as responding to both motions.

signature block of his response to the instant motions for sanctions (*see* Doc. 41 at 8).  Defendant's counsel states that on October 8 and 9, she made several phone calls to Plaintiff to determine if he intended to appear at his deposition, but Plaintiff never returned the phone calls (Doc. 27 at 2).  On October 10, Defendant's counsel traveled to Panama City and appeared at the deposition; however, counsel was informed by Sharon McAllister, the owner of the court reporter's office, that on September 29, she (McAllister) received a phone call from a woman who identified herself as Sharonda Mills, Defendant's counsel, stating that she was cancelling Plaintiff's deposition because Plaintiff was unable to appear (*id.*).  Defendant submitted Ms. McAllister's declaration of these facts with the first motion for sanctions (*see* Doc. 27, Ex. 4).  Defendant's counsel states she did not call Ms. McAllister, nor did she direct anyone from her office to call and cancel the deposition (Doc. 27 at 3, Ex. 5).  Plaintiff did not appear at his deposition or inform Defendant's counsel of his unavailability or inability to appear prior to the deposition (Doc. 27 at 3).  Nearly four hours after the deposition was scheduled to occur, Plaintiff called Defendant's counsel from an anonymous phone number stating he had been unable to attend the deposition due to car problems, and he stated he would contact counsel the next business day to reschedule the deposition (*id.*).  Two business days later, Plaintiff contacted Defendant's counsel, and they agreed to reschedule the deposition for November 3, 2008, only two weeks before the discovery deadline in this case (*id.*).

As grounds for Defendant's second motion for sanctions, Defendant asserts that despite the court's granting two motions to compel Plaintiff's complete responses to Defendant's first set of interrogatories and requests for production, Defendant has still not received any additional information or documents from Plaintiff (Doc. 37 at 2–3).  Additionally, despite the undersigned's instruction to Plaintiff during his deposition to complete a HIPAA release to enable Defendant to obtain records related to Plaintiff's mental health during and after his employment with Defendant, in light of Plaintiff's claim of mental and emotional injury related to his loss of employment, Plaintiff has failed to execute the release which was provided to him by Defendant (*id.* at 3).  On November 5, Defendant's counsel mailed a letter to Plaintiff requesting that he return the release on or before November 12, 2008, and on November 13, 2008, counsel left a voicemail message for Plaintiff requesting that he contact her to discuss the relief sought in the second motion for

sanctions, but Plaintiff failed to do so as of November 14, 2008, the date of filing the second motion for sanctions (*id.*).

Defendant's counsel contends that throughout this litigation Plaintiff has willfully thwarted Defendant's discovery efforts, as evidenced by his failure to appear at the first scheduled deposition, and his failure to provide timely and complete responses to discovery requests and Rule 26 initial disclosures, which led to the filing of three motions to compel (Doc. 27 at 4–5; Doc. 37 at 3–5).[2] Additionally, Plaintiff has disregarded his responsibilities and obligations as a litigant by avoiding and ignoring Defendant's counsel since the Rule 26 cases management conference on August 5, 2008, as evidenced by Plaintiff's failure to return Defendant's counsel's phone calls or respond to her written correspondence and voicemail messages (Doc. 27 at 4–5; Doc. 37 at 3–5). As sanctions for Plaintiff's conduct, Defendant seeks dismissal of this case and payment of Defendant's fees and costs associated with Plaintiff's failure to attend the October 10 deposition, and the fees associated with filing the motions for sanctions (Doc. 27 at 4–5; Doc. 37 at 4–5).

Plaintiff responded to the motions for sanctions by asserting that upon receipt of the scheduling order issued in July of 2008, he began reviewing documents he had received from the Equal Employment Opportunity Commission (EEOC) concerning his underlying employment discrimination claim, and he realized that Defendant had provided false statements to the EEOC during the EEOC's investigation of his claim (Doc. 41 at 2–3). Plaintiff states he then began preparing a request for production of documents to serve upon Defendant (*id.* at 3). Plaintiff states that during this process, Defendant's counsel "bombarded" him with discovery requests, including requests for documents already in Defendant's possession by virtue of the EEOC investigation, as well as interrogatories seeking answers to questions which Plaintiff had "clearly answered" in written statements he provided to the EEOC during its investigation, copies of which Defendant had in its possession (*id.* at 3–4). Plaintiff also states that he realized he could not provide some responses to Defendant's discovery requests until he received Defendant's responses to his discovery requests, so on October 29, 2008, sixteen (16) days before the discovery deadline, Plaintiff served a request for production on Defendant, which he admits was "somewhat overwhelming and

---

[2] The court granted all three motions to compel (*see* Docs. 23, 31, 42).

time consuming" (*id.* at 4).  Plaintiff denies that he has stonewalled Defendant's discovery efforts and asks that the court deny Defendant's requests for sanctions (*id.* at 5).  Additionally, Plaintiff requests an order directing Defendant to respond to his request for production so that he may then respond to Defendant's interrogatories and requests for documents (*id.* at 5-7).

Rule 37 of the Federal Rules of Civil Procedure provides, in relevant part:

**(b) Failure to Comply with a Court Order**.

. . . .

> **(2)** *Sanctions in the District Where the Action Is Pending.*

>> **(A)** *For Not Obeying a Discovery Order.*  If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

>>> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>>> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

>>> **(iii)** striking pleadings in whole or in part;

>>> **(iv)** staying further proceedings until the order is obeyed;

>>> **(v)** dismissing the action or proceeding in whole or in part;

>>> **(vi)** rendering a default judgment against the disobedient party; or

>>> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

>> . . . .

>> **(C)** *Payment of Expenses.*  Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of
expenses unjust.

. . . .

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to
Interrogatories, or Respond to a Request for Inspection.**

> **(1)** *In General.*

>> **(A)** *Motion; Grounds for Sanctions.*  The court where the action is
>> pending may, on motion, order sanctions if:

>>> **(i)** a party . . . fails, after being served with proper notice, to
>>> appear for that person's deposition;
>>> . . . .

>> **(B)** *Certification.*  A motion for sanctions for failing to answer or
>> respond must include a certification that the movant has in good faith
>> conferred or attempted to confer with the party failing to act in an
>> effort to obtain the answer or response without court action.

> **(2) Unacceptable Excuse for Failing to Act**.  A failure described in Rule
> 37(d)(1)(A) is not excused on the ground that the discovery sought was
> objectionable, unless the party failing to act has a pending motion for a
> protective order under Rule 26(c).

> **(3) Types of Sanctions.**  Sanctions may include any of the orders listed in
> Rule 37(b)(2)(A)(i)–(vi).  Instead of or in addition to these sanctions, the
> court must require the party failing to act, the attorney advising that party, or
> both to pay the reasonable expenses, including attorney's fees, caused by the
> failure, unless the failure was substantially justified or other circumstances
> make an award of expenses unjust.

Fed. R. Civ. P. 37(b, d).

Initially, the fact that Defendant's counsel may already possess, by virtue of the EEOC
investigation, some of the documents and information included in her discovery requests to Plaintiff
does not excuse Plaintiff's failure to fully respond to the discovery requests.  Furthermore, the fact
that Plaintiff believed he could not fully answer Defendant's discovery requests until he received
Defendant's responses to his reciprocal requests does not excuse his failure to respond; Plaintiff
should have responded to Defendant's requests as completely as he was able at the time.  Moreover,
neither of these excuses offered by Plaintiff justify his refusal to provide complete responses after

the court specifically directed him to do so in the orders granting Defendant's first and second motions to compel and the court's verbal order during Plaintiff's deposition directing him to execute a HIPAA release.  The undersigned concludes that the appropriate sanction for Plaintiff's failure to comply with the orders directing him to provide complete responses to Defendant's discovery requests is to require Plaintiff to pay the reasonable expenses, including attorney's fees, associated with the filing of Defendant's motions for sanctions.  Additionally, Plaintiff has provided no justification for the egregious conduct alleged by Defendant involving Plaintiff's first deposition, that is, Plaintiff's failure to appear for the deposition without notifying Defendant's counsel, and Defendant's suggestion, which Plaintiff has not denied, that Plaintiff caused or permitted a woman to contact the court reporter's office, misrepresenting herself as Defendant's counsel, and cancel the deposition.  The undersigned concludes that the appropriate sanction for this conduct is payment of Defendant's counsel's reasonable fees and expenses incurred in attending the first deposition.

Finally, Plaintiff's request for an order compelling Defendant's responses to his request for production will not be granted.  The request is deficient in that it is not in the form of a motion, and there is no indication that Plaintiff complied with the conference requirement of Rule 7.1(B) of the Local Rules of the Norther District of Florida.  Additionally, the federal procedural rules provide that Defendant has thirty (30) days from the date of service of the discovery request to respond.  *See* Fed. R. Civ. P. 34(b)(2).  Plaintiff states he mailed the discovery request on October 29, 2008, and he filed the instant request for an order compelling Defendant's response on November 20, 2008, less than thirty days thereafter.  Therefore, he has failed to establish grounds for an order compelling Defendant's response to his discovery request.

Accordingly, it is **ORDERED**:

1.      Defendant's motions for sanctions (Docs. 27, 37) are **GRANTED** to the following extent:

a.      as a sanction for Plaintiff's failure to comply with the orders directing him to provide complete responses to Defendant's discovery requests, Plaintiff shall pay the reasonable expenses, including attorney's fees, associated with the filing of Defendant's motions for sanctions;

   b.  as a sanction for Plaintiff's failure to appear for his first scheduled deposition, Plaintiff shall pay the reasonable expenses, including attorney's fees, incurred in attending the first scheduled deposition.

   2.  On or before **DECEMBER 15, 2008**, Defendant shall submit documentation of fees and expenses incurred in brining the motions for sanctions and attending Plaintiff's first scheduled deposition.  Within **TEN (10) DAYS** of receipt of Defendant's documentation, but no later than **DECEMBER 27, 2008**, Plaintiff may, but is not required to, file a notice outlining any objection to the reasonableness of the amounts claimed by Defendant.

   **DONE AND ORDERED** this 3<u>rd</u> day of December 2008.


        /s/ *Elizabeth M. Timothy*    
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**